

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0018–08

**ANTONIO SIERRA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**MEYERS, J., filed a dissenting opinion in which HOLCOMB, J., joined.**

### DISSENTING OPINION

Appellant was not charged with a crime involving assaultive conduct so I'm

having a hard time figuring out why a deadly weapon finding was included in the

judgment.[1]  The deadly weapon statute was clearly intended to be used in cases where the

---

[1]I agree with Footnote seven of the court of appeals's opinion, stating, "Although also not challenged in this case, it is not apparent how a deadly weapon can facilitate an offense of merely driving while intoxicated, which does not require death, injury, threat of harm, or the like." *Sierra v. State*, No. 14-06-00528-CR, 2007 Tex. App. LEXIS 6724 at *7 (Tex. App.–Houston [14th Dist.] Aug. 23, 2007).

defendant commits some sort of assault. Appellant was not (and could not have been) charged with intoxication assault in this case because the serious bodily injury was not caused by reason of his intoxication. *See* TEXAS PENAL CODE Section 49.07(a)(1) (stating, "A person commits an offense if the person, by accident or mistake: . . .while operating a motor vehicle in a public place while intoxicated, *by reason of that intoxication* causes serious bodily injury to another" (emphasis added)).

The court of appeals looked at whether the evidence was legally sufficient to prove that Appellant used or exhibited a deadly weapon during the commission of a felony offense and considered the evidence related to Appellant's driving at the time of the accident. Although the State says this was the wrong standard, the majority uses substantially the same standard as the court of appeals, stating that we must decide "if the manner in which Sierra used his SUV when driving while intoxicated was capable of causing death or serious bodily injury." I agree that this was the correct standard. For an object that is not a deadly weapon *per se*, the State must show that the manner of use or intended use is capable of causing death or serious bodily injury. Thus, the court of appeals was correct in its analysis of Appellant's use of the vehicle, which was not reckless, not dangerous, not careless, and not in violation of any traffic laws.

The reason the State said that the court of appeals used the wrong standard is because the court of appeals looked for evidence of reckless, dangerous driving, and there is none. Despite the definition of deadly weapon in Penal Code Section 1.07(a)(17)(B),

which requires a consideration of the manner of use, the State says that such evidence is not necessary. According to the State, because a motor vehicle poses an actual risk of causing death or serious bodily injury and since Appellant failed to brake for another vehicle and the occupants of the other vehicle had serious injuries, there should be a deadly weapon finding. This reasoning would create the offense of "accident with a deadly weapon."[2]

Appellant was not the cause of this accident. His driving did not cause this accident. His intoxication did not cause this accident. Nothing he did caused serious bodily injury. He simply had the misfortune of being involved in an accident with a careless driver who was injured. The State says that the court of appeals assumed that Appellant was not speeding, but the State is assuming that he was. The State is also assuming that since Appellant was involved in an accident (that was not caused by him) that he was driving dangerously. The majority agrees and basically says that because Appellant failed to avoid the accident, he was driving recklessly.

I do not discount the evidence that Appellant was driving while intoxicated. I simply believe that given the facts of this case, and since Appellant was charged with

---

[2]*See* Footnote eight of the court of appeals's opinion, stating, "In addition, although it is unquestionably dangerous to drive while intoxicated, it does not necessarily follow that driving while intoxicated is itself driving in a dangerous manner for purposes of a deadly weapon finding. Otherwise, driving while intoxicated would be a *per se* use of a deadly weapon in every felony DWI case, even for defendants who, like appellant in this case, are not driving in a dangerous manner (even though they are driving while intoxicated) but would, in effect, nevertheless be penalized for the dangerous driving of another motorist who actually caused the collision." *Sierra*, 2007 Tex. App. LEXIS at *10-11.

DWI and not with any sort of assaultive offense, the evidence of intoxication should be used only to support a guilty verdict for the charged offense–it should not create a deadly weapon finding when there is no indication that the manner of Appellant's use of his vehicle caused bodily injury.

The court of appeals used the proper standard in considering the manner of Appellant's use of his vehicle, and the evidence adduced by the court of appeals is supported by the record. Because the manner of Appellant's use of his vehicle did not cause the bodily injuries, a deadly weapon finding should never have been included in this case and the court of appeals was correct in reforming the judgment.

Therefore, I respectfully dissent.

Meyers, J.

Filed: April 1, 2009

Publish